1  PARO ASTOURIAN, ESQ. (SBN: 225488)
      paro@astourianlaw.com
2  JAMES R. GALLIVER, ESQ. (SBN: 246466)
      j.galliver@astourianlaw.com
3  **ASTOURIAN & ASSOCIATES, INC.**
   301 N. Lake Ave., Suite 1000
4  Pasadena, CA 91101
   Tel: (626) 795-7922
5  Fax: (626) 795-6884

6  **Attorneys for Plaintiff:**
   **350 S. Los Angeles Street Partnership, L.P.**

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  350 S. LOS ANGELES STREET PARTNERSHIP, L.P., a California limited partnership, | Case No.: 2:23-cv-07284-HDV-AGRx |
| 12 | |
| 13              Plaintiff, | **DECLARATION OF FRED NATAN IN SUPPORT OF PLAINTIFF 350 S. LOS ANGELES STREET PARTNERSHIP, L.P.'S TO OPPOSITION TO DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** |
| 14       v. | |
| 15  NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 20, inclusive, | |
| 16 | |
| 17 | |
| 18              Defendants. | Date:      June 27, 2024 |
| 19 | Time:      10:00 a.m. |
| | Crtrm:    5B |
| 20 | Judge:     Hon. Hernan D. Vera |
| 21 | |
| 22 | Action Filed:      June 26, 2023 |
| | Action Removed:  September 1, 2023 |
| 23 | Trial Date:          August 20, 2024 |

24

25

26

27

28

## DECLARATION OF FRED NATAN

I, Fred Natan, declare as follows:

1.      I have personal knowledge of the matters stated herein and if called as a witness I could and would testify thereto.

2.      Plaintiff 350 S. Los Angeles Steet Partnership, L.P. ("Plaintiff") is in the business of real estate and property management, including the leasing of commercial property to various tenants.

3.      I am employed as the property manager for Plaintiff.  I report to Saeed Farkhondephour, the manager of Plaintiff.  My job duties include communicating with Plaintiff's tenants of, and collecting rents for, the property commonly known as 350 S. Los Angeles Street, Los Angeles, California 90013 (the "Property").  My job duties also include keeping and managing files for Plaintiff's tenants, which includes the lease agreements.

4.      As of January 2022, Plaintiff had written lease agreements with its three relevant tenants of the Property's units 212, 212A and 212B.  Plaintiff leased unit 212 to The Nuts LLC, leased unit 212A to Jashua Allen Stork, and leased unit 212B to Millenium Maters, Inc. ("Millenium").  Plaintiff keeps copies of its tenants' lease agreements in the regular course of Plaintiff's business.  Each of these tenants operated retail shops at the Property.

5.      The leases of The Nuts LLC and Jashua Allen Stork were for specific periods.  The Nuts LLC's lease was for the period November 15, 2021 through November 14, 2022.  Jashua Allen Stork had been a tenant of Plaintiff since about March 2019, and his most recent lease with Plaintiff was for the period January 1, 2022 through December 31, 2022.

6.      Millenium had been a tenant of Plaintiff since about before 2010.  In 2010, Millenium signed a lease agreement with Plaintiff.  At that time, Millenium's lease was for the period starting April 2010 through April 14, 2013.  Millenium and Plaintiff subsequently entered into several lease addendums that extended Millenium's lease

periods.  The last addendum extended Millenium's lease to the period ending April 14, 2017.  No further leases or addendums were entered into between Plaintiff and Millenium.  Rather, following April 14, 2017, Millenium was on a "month-to-month" tenancy with Plaintiff.

7.    Each of these tenants' lease agreements contained an identical section 9.4 titled "Abatement of Rent."  That section states that "[n]otwithstanding the partial or total destruction of the Premises and any part thereof....there shall be no abatement of rent or of any other obligation of Lessee hereunder by reason of such damage or destruction unless the Lease is terminated by virtue of any other provision of this Lease."

8.    On January 28, 2022, a fire occurred at the Property which severely damaged the Property's units 212, 212A, and 212B.  After the fire occurred, I went to the Property to see and assess the damages.  True and correct photos of the Property that I took shortly after the fire are attached hereto as **Exhibit "1"** and are incorporated herein by this reference.

9.    Shortly after the fire, I went to the Property and met separately in-person with Jashua Allen Stork and Mr. David Mehrabi, the owner of Millenium.  During these meetings, I demanded to both tenants, Jashua Allen Stork and Mr. Mehrabi, that they continue to pay Plaintiff rent.  Both of these tenants responded that they would not pay rent.  When I demanded that Mr. Stork continue paying rent, he laughed at me and stated "are you joking?", and stated that he would not pay rent following the fire.  When I demanded that Millenium continue paying rent, Mr. Mehrabi said he would not do so, and even stated that Plaintiff was responsible for the fire and that Plaintiff should pay him damages for his losses to his business.  Both Mr. Stork and Mr. Mehrabi expressed to me during our meetings that they were small businesses and could not afford to pay rent when they would not be in business due to the fire loss.

10.    Additionally, shortly after the fire, I called Mr. Cohen, owner of The Nuts LLC, and spoke with him by phone.  During the call, I demanded that The Nuts continue to pay rent to Plaintiff, and reminded him that The Nuts LLC's lease agreement did not

allow for abatement of rent.  However, Mr. said that he could not afford to pay rent since he could not operate his business at the Property.  In fact, Mr. Cohen demanded that Plaintiff return his security deposit (which Plaintiff did not do).  Ultimately, Mr. Cohen stated that he would not pay rent and that The Nuts LLC would vacate its rental unit.

11.    Within about two-to-three weeks after the fire, each of the tenants, The Nuts LLC, Jashua Allen Stork, and Millenium, had removed their remaining properties from the Property and vacated their rental units.  Since the fire loss, none of these tenants have paid any rent to Plaintiff.

12.    At the time of the fire loss, Millenium was about three months in arrears on its rent.  However, Millenium was a long-time tenant of Plaintiff who, although paid rent late on occasion, would ultimately always become current on its rent.  Shortly before the fire loss occurred, Mr. Mehrabi had told me that Millenium would pay its rent.  Therefore, I held off on instituting eviction proceedings against Millenium because I expected that Millenium would become current on its rent before the fire loss occurred.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of May 2024, at Los Angeles, California.


_Fevenloon Nat_

Fred Natan

# EXHIBIT 1

EXHIBIT 1



PLTF 000402



PLTF 000404



PLTF 000405



326

PLTF 000410



327

PLTF 000412